MERRIL (SOHIER v.). See Case No. 13,-158.

---

## Case No. 9,466.

### In re MERRILL.

[9 Ben. 165; 16 N. B. R. 35; 24 Pittsb. Leg. J. 205.] [1]

District Court, D. Vermont. May 24, 1877.

BANKRUPTCY—PROOF OF DEBT — EVIDENCE—WITNESS—INTEREST.

1. Where a creditor offered himself as a witness before the register to prove the contract under which he alleged right to prove a claim against the bankrupt's estate, the bankrupt being then dead: *Held*, that such witness could not be excluded on the ground of interest, under the Revised Statutes.

2. The proof of debt is a proceeding in rem and not an action against the bankrupt or his

---

[1] [Reprinted by permission.]

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission. 24 Pittsb. Leg. J. 205, contains only a partial report.]

guardian, if he be alive, or against his executor or administrator, if he be dead.

By JOHN L. EDWARDS, Register:

[Memorandum:—At the second and third meeting of creditors on the 16th day of April, A. D. 1877, Reed R. Wheeler, of Burton, in said district, proved his claims against said estate for over three thousand dollars. The assignee objected to the allowance of this proof, whereupon an order was made by the register that the parties interested therein appear before him at his office in Newport, in said district, on the 12th day of May, A. D. 1877, at 10 o'clock a. m., for the purpose of hearing such questions as might arise in relation to the modification or expunging of said proof. In pursuance of said order the parties appeared with their counsel before the undersigned register, at the time and place set for said hearing. Inasmuch as the creditor had neglected to prove his claim before the second and third meeting of creditors, well knowing that the claim was disputable and would be contested by the assignee, and inasmuch as the settlement of the estate would be delayed on account of the adjustment of said proof through the neglect of the creditor in not seasonably proving his claim, so that its adjustment could have been had in the due course of settling the estate, the register ordered that the said Reed R. Wheeler deposit with the register the sum of forty dollars, to be applied in extinguishment of the costs of the assignee at such hearing so far as the same might become necessary. No objection was made to this order. The subject matter of the creditor's proof consists of a long account which, up to December 1, 1871, consisted mainly of commissions on the sale of emery wheels which the bankrupt [E. C. Merrill] manufactured, and which it was conceded the said Reed R. Wheeler sold on commission up to that time as traveling agent of the bankrupt. Said Wheeler claimed that, in October, 1872, he made a contract with the bankrupt by which he was to have wages for his services in making sales, at as high a price as said Merrill was paying any other of his employees, or as much as said Wheeler could make at his trade, which was that of a blacksmith, and that said services under the contract were to commence December 1, 1871, dating back from October, 1872, to December 1, 1871. Said Wheeler continued his services, either on a commission or under a contract for wages up to the filing of the petition in bankruptcy, and after December 1, 1871, charged his services at one thousand dollars per year above expenses. The assignee claimed that said Wheeler worked on commission all the time, and denied that said Wheeler made any contract with the bank-

17 FED. CAS.—6

rupt in October, 1872, or at any other time to work for wages. The petition in this case was filed on the 22d day of December, 1873, and said bankrupt deceased in February, 1874. Said Wheeler offered himself as a witness to prove said contract, which he claimed he made with the bankrupt in October, 1872. To his admissibility as a witness for this purpose the assignee objected. And the register ruled that said Wheeler was not an admissible witness for that purpose on account of the decease of said bankrupt with whom the contract was claimed to have been made. Counsel for said Wheeler desired that this question might be submitted to the district court for their opinion thereon. I therefore certify the same to the district court for decision thereon.] [2]

WHEELER, District Judge. Upon the question concerning the competency of the creditor as a witness in his favor, certified by the register, the law of the forum must as a matter of course govern. In these proceedings the courts of the United States constitute the forum and consequently the laws of the United States must control in this respect. By those laws no witness can be excluded on account of interest except in actions by or against executors, administrators or guardians in which judgments may be rendered for or against them. Rev. St. § 858. By the laws of the state, where one party to a contract or cause of action in issue and on trial is dead the other is excluded as a witness. According to the state law this creditor would be excluded. Such exclusion however would be on account of interest of the witness, and contrary to the law of the United States, unless the case would fall within the exception contained in the proviso to the statute on this subject.

The proof of a debt against an estate in bankruptcy is not a proceeding against a bankrupt, nor his guardian if he have one when alive, nor against his executor or administrator when he is dead, but is a proceeding in rem solely and affects the estate only. It is not an action against either an executor or administrator for or against whom any judgment can be rendered in it, and is not within the exceptions in the law of the United States.

The law of the United States prohibits the exclusion of this witness on account of his interest; and as it would seem, the law of the state, which but for this prohibition would exclude him, is not in force in this proceeding. For these reasons, in the opinion of this court the decision of the register excluding the witness is erroneous.

[2] [From 16 N. B. R. 35.]